## BONURA v. FRIEDRICH.

### No. 16332.

Court of Appeal of Louisiana. Orleans.

June 1. 1936.

Theodore H. McGiehan, of New Orleans, for appellant.

Baldwin, Haspel & Molony, of New Orleans, for appellee.

McCALEB, Judge.

On September 11, 1931, the plaintiff, owner of the real estate No. 5327 Canal boulevard in the city of New Orleans, leased the premises under written contract to one John Oddo, up to and including the last day of December, 1934, in consideration of a monthly rental of $60. The property leased was used as a vegetable and meat market and, after taking possession, Oddo purchased from the defendant one Warren combination meat and grocery ice box and one porcelain Sea-plane counter.

The purchase by Oddo was made on terms and payment of the purchase price was secured by a vendor's lien and chattel mortgage upon the personal property transferred. However, the chattel mortgage was not recorded until after the ice box and counter had been delivered upon the leased premises, it being conceded here that under the provisions of the chattel mortgage law (section 4 of Act No. 198 of 1918) and under the jurisprudence (Youree v. Limerick, 157 La. 39, 101 So. 864, 37 A.L.R. 394), the rights of the defendant under the chattel mortgage here were subordinated to the lessor's privilege.

On January 2, 1932, Oddo, being delinquent in the payment of his rent to the plaintiff and being likewise delinquent in his payments to the defendant on the chattels purchased, abandoned the leased premises. At that time Oddo retransferred the equipment to the defendant, in consideration of defendant's releasing him from further liability for the payment of the purchase price.

Shortly thereafter, the plaintiff and the defendant verbally agreed that they would attempt to secure a new tenant for the leased premises who would be willing to not only assume the lease on which Oddo had defaulted, but who would purchase the equipment located upon the premises. In other words, the understanding between the parties was that it was to their mutual advantage to obtain a tenant and a pur-

chaser who would undertake the obligations which Oddo had failed to discharge.

On January 17, 1932, the defendant entered the premises of the plaintiff and, over the protest of the plaintiff, extracted from within said premises the personal property which had been sold by the defendant to Oddo, which was at that time subject to the plaintiff's prior lessor's lien and privilege. On the same day the defendant sold and delivered this personal property to one Fontana.

The plaintiff now files this suit because of the alleged wrongful conversion by the defendant of the personal property taken from plaintiff's premises, for which he claims $1,000 damages, averring that the acts of the defendant constitute a legal fraud which deprived him of the lessor's lien and privilege.

The only defense to the suit, which may be considered worthy of merit, is the contention of the defendant that the plaintiff has waived his lessor's privilege. It is claimed that shortly after Oddo abandoned the leased premises, the plaintiff verbally agreed to allow the defendant to remove the chattels, sold to Oddo by defendant, located upon the premises.

After a hearing, the court below found for the plaintiff in the sum of $570. Hence this appeal.

■ Counsel for defendant strenuously argues that, while the case involves only a question of fact, the plaintiff's testimony is patently false and that his evidence is unworthy of consideration. He further postulates that the evidence of defendant's witnesses clearly reveals that at the time Oddo abandoned the leased premises the plaintiff specifically waived his lessor's privilege by stating that, in the event a tenant for the leased premises was not secured within a reasonable time, the defendant would have the right to remove his personal property.

An examination of the record discloses inconsistencies and contradictions not only on the part of plaintiff, but also by the defendant's witnesses. There are, however, certain salient facts which are undisputed by either party, and, unless we are at liberty to disregard the plaintiff's evidence in its entirety, he must prevail.

It is admitted that the plaintiff's privilege primed all rights the defendant may have had to the personal property. No denial is made of the fact that at the time

that the defendant removed the chattels from the premises, the plaintiff protested and was contemplating court proceedings in pursuance of his lessor's privilege.

Moreover, plaintiff stated positively on the witness stand that he never, at any time, agreed to waive his lessor's privilege, but that it was to the interest of the defendant as well as himself that the premises be rented to some other tenant and that such tenant purchase from the defendant the personal property located therein. While the defendant's witnesses testify that plaintiff agreed to allow the defendant to take the chattels from the premises in the event a new tenant was not obtained, we do not believe that the plaintiff ever intended to waive his lessor's privilege upon this personal property. Our view is fortified by the fact that the defendant abstracted the property over the protest of the plaintiff.

The district judge, who saw and heard the witnesses, was evidently of the opinion that the plaintiff at no time waived his lessor's privilege, and we see no reason to disagree with his conclusion.

■ It follows that the defendant acted unlawfully in taking the personal property from the leased premises over plaintiff's protest and this wrongful act resulted in depriving the plaintiff of his lien. Under the provisions of article 2315 of the Revised Civil Code, he is responsible in damages. See, also, Hurwitz-Mintz Furniture Co. v. Edward B. Fabacher Auction Exchange (La.App.) 167 So. 162.

■ Our attention is next directed to the quantum of damage. The amount of the claim is $1,000. The proof shows that defendant sold the chattels for $985. The judge below allowed $570 as damages.

The plaintiff, by answer to the appeal, prays for an increase in the award to $985, which amount has been determined to be the value of the property.

The trial court based its allowance upon the fact that, during the latter part of 1932, the plaintiff lost the ownership of the leased premises through foreclosure proceedings which were maintained against him by his mortgagee and that, accordingly, he could not recover more than the rent which would have been due by Oddo, the tenant, at the time plaintiff lost the ownership of the real estate.

This holding is correct. The plaintiff is not entitled to recover the value of the

property, but is limited for his redress to the actual damages caused him by reason of the defendant's unlawful act. Although plaintiff contends that the wrongful act of the defendant resulted in his losing the real estate through foreclosure proceedings, we find that this claim is not substantiated by a preponderance of evidence.

The cases cited by plaintiff's counsel to the effect that the amount of damages for the conversion of property is the value of the property at the time of the taking are inapplicable here because in this case plaintiff is not the owner of the property, but merely had a lessor's lien and privilege upon it, securing the payment of the rent due by his tenant.

For the reasons assigned, the judgment of the district court is affirmed.

Affirmed.